UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MELET WOLDEMARIAM,

                **Plaintiff,**                                    **COMPLAINT**

                **- against -**                                    **Case No.**

**DR. SCOTT GOTTLIEB, AS COMMISSIONER OF UNITED STATES FOOD AND DRUG ADMINISTRATION, UNITED STATES FOOD AND DRUG ADMINISTRATION, ERIC D. HARGAN, AS SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, AND UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,**

                **Plaintiff Demands a Jury Trial**

                **Defendants.**
-------------------------------------------------------------------------x

MELET WOLDEMARIAM, the Plaintiff herein ("Plaintiff"), by and through her attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., does hereby make the following claims for damages against DR. SCOTT GOTTLIEB, AS COMMISSIONER OF UNITED STATES FOOD AND DRUG ADMINISTRATION, UNITED STATES FOOD AND DRUG ADMINISTRATION, ERIC D. HARGAN, AS SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, AND UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, the Defendants herein (hereinafter collectively referred to as "Defendant"), and alleges, upon knowledge as to herself, and upon information and belief as to other matters, the following:

## NATURE OF ACTION

1. Plaintiff brings this action wherein she seeks damages for injuries resulting from Defendant's discriminatory treatment due to her national origin, age, and gender,

in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331, as these claims arise under the Constitution, laws, or treaties of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to Plaintiff's claims took place within this District, and the Plaintiff resides within this District.

## PROCEDURAL PREREQUISITES

4. On or around June 3, 2013, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging that Defendant discriminated against her based on her national origin, age, and gender.

5. On or around May 1, 2017, the EEOC issued an Order Entering Judgment finding in favor of Defendant.

6. On or after October 16, 2017, Defendant U.S. Health and Human Services served Plaintiff with its final order in connection with Plaintiff's charge of discrimination.

7. Plaintiff did not appeal the final order with the EEOC.

## PARTIES

8. Plaintiff is a female citizen of the United States and a resident of Kings County, New York City, who was born in the country of Ethiopia in 1961.

9. At all times relevant hereto, Plaintiff has been an employee of Defendant as defined under the ADEA and Title VII.

10. Defendant United States Food and Drug Administration (hereinafter "FDA"), is a federal agency that is part of the United States Department of Health and Human Services, and is charged with ensuring that food is safe, pure, and wholesome; human and animal drugs, biological products, and medical devices are safe and effective; and electronic products that emit radiation are safe.

11. Dr. Scott Gottlieb is the Commissioner of the United States Food and Drug Administration.

12. Defendant United States Health and Human Services is a cabinet level department of the U.S. federal government with the mission of protecting and enhancing the health of Americans and providing essential human services.

13. Defendant Eric D. Hargan is the acting United States Secretary of Health and Human Services.

14. At all times relevant hereto, Defendants have been employers as defined under the ADEA and Title VII.

## **MATERIAL ALLEGATIONS**

15. In or around 2002, Plaintiff graduated from Hunter College of the City University of New York, earning a dual Bachelor of Science Degree in Chemistry and Biology.

16. Plaintiff first began working for Defendant FDA from February 2005 through October 2006 as an intern.

17. On or around October 14, 2008, Plaintiff was hired by Defendant FDA to work as a Biological Science Lab Technician at the Northeast Regional Laboratory, and has remained in that position since that time.

18. As a Biological Sciences Lab Technician, Plaintiff performed qualitative and quantitative analyses of foods and feeds, used a variety of instrumentation, analyzed a wide variety of food commodities for food additives, identified products in violation of the Code of Federal Regulations, interpreted and evaluated results of analyses to determine the validity and scientific significance of samples, and reviewed collection reports to ensure correct sample numbers, storage conditions and proper sample size.

19. Throughout the Plaintiff's employment with Defendant, Plaintiff has completed her assigned tasks in a timely manner, consistently received exceptional performance reviews and had her work rated as exceptional.

20. On or about August 10, 2010, Defendant awarded Plaintiff a Level I Analyst Certificate, but kept Plaintiff at the title and pay status of a Lab Technician.

21. Also in or around August, 2010, Plaintiff complained to her supervisor Ms. Maureen Coakley, an officer of her Human Resources department Ms. Melanie Bailey, her deputy director Mr. Kent Hermann, and her branch director Ms. Alice Cohen, in regards to Defendant's failure to promote Plaintiff to a higher grade or position more commensurate with her education and experience.

22. Plaintiff never received a response from Defendant or the individuals to whom she directed her complaint, in regards to the above complaint.

23. On or about February 29, 2011, the Northeast Regional Laboratory hired approximately 15 interns, none of whom had worked for Defendant as long as Plaintiff had, and at least one of whom was an undergraduate college student.

24. On or about March 1, 2011, Plaintiff complained to her supervisor Mr. Lawrence James, and to Ms. Bailey, Ms. Coakley, and Ms. Cohen, that Defendant had hired or promoted individuals less qualified than herself.

25. Plaintiff never received a response from Defendant or the individuals to whom she directed her complaint, in regards to the above complaint.

26. In or around December 2011, Plaintiff complained to her director Mr. Michael Palmieri, via an email, that Defendant had hired or promoted individuals less qualified than herself.

27. In or around January 2012, Plaintiff met with Mr. Palmieri to discuss her complaint. Mr. Palmieri told Plaintiff that he would investigate her complaint, but never followed up with Plaintiff in regards to the above complaint.

28. Upon information and belief, Mr. Palmieri never investigated Plaintiff's complaint that Defendant had hired or promoted individuals less qualified than herself.

29. In or around February 2012, Plaintiff was reassigned from Defendant's Microbiology branch to its Chemistry branch, without her request.

30. On or around February 8, 2013, Plaintiff applied for an open position of Microbiologist with Defendant, by submitting her resume, educational transcript and other supporting documentation ("application") on the USA Jobs website.

31. In response to Plaintiff's application, on February 28, 2013, Defendant informed Plaintiff that she was qualified for an interview for the position of Microbiologist.

32. On March 3, 2013, at approximately 12:00 p.m., the Department of Microbiology contacted Plaintiff via telephone in an attempt to schedule an interview for the Microbiologist position, for later in the day at 2:00 p.m.

33. At that time, Plaintiff was involved in a work project in the Chemistry Department, preparing a sample for analysis, and was unable to leave to attend the interview at 2:00 p.m.

34. Instead, Plaintiff scheduled the interview for March 7, 2013 at 2:00 p.m.

35. On March 7, 2013, Plaintiff timely arrived for her interview.

36. Plaintiff conducted the interview with Mr. James and Mr. Allan Littell, Supervisor Interdisciplinary Scientist/Microbiologist, which lasted approximately one hour.

37. Both Mr. James and Mr. Littell are males, and upon information and belief, were both born in the United States.

38. Plaintiff sufficiently answered the questions posed to her during her interview by Mr. James and Mr. Littell, based on her long experience working for Defendant.

39. Following the interview, Plaintiff did not receive notice indicating whether or not she had been selected for the Microbiologist position, did not receive any notice indicating that she was not qualified for the position, and did not receive any notice indicating that her interviewers found her answers insufficient or lacking.

40. On or around April 26, 2013, Plaintiff became aware that other individuals had been hired for the Microbiologist position, namely, Mr. Darren Gopaul, and Mr. Dustin Harris, who were outside candidates that did not work for Defendant.

6

41. Mr. Gopaul is a male who was born in India.

42. Mr. Harris is a male who was born in the United States.

43. Mr. Gopaul and Mr. Harris had less experience and were less qualified for the Microbiologist position than Plaintiff.

44. Mr. Gopaul and Mr. Harris were approximately 24 and 26 years old, respectively, at the relevant time that the position was filled; whereas, Plaintiff was approximately 52 years old at the relevant time.

45. On the same date, Plaintiff contacted her human resources department officer, Ms. Bailey, to inquire why other employees had been selected while she had never received any communications following her interview of March 7, 2013.

46. Ms. Bailey stated to Plaintiff that the human resources department would contact applicants at the end of the month in regards to their applications.

47. Later on that same date, Plaintiff received an email from USA Jobs indicating that she had not been selected for the Microbiologist position.

48. Plaintiff never received a verbal response, or any other response from Ms. Bailey or her human resources department, explaining the reasons for which she had not been selected for this position.

49. On or around May 2, 2013, Plaintiff verbally inquired with Mr. Herman, the deputy director of the laboratory, as to the reason she had not been selected for the Microbiologist position or notified of the outcome of her application.

50. Mr. Herman replied to Plaintiff that he did not know why Plaintiff had not been selected or notified of the outcome of her application.

51. On that same date, Plaintiff emailed Nathalia Kapetanakis, Human Resources Specialist for Defendant, and inquired as to the reason she had not been selected for the Microbiologist position or notified of the outcome of her application.

52. Ms. Kapetanakis responded that Plaintiff had to acquire that information from her branch director, i.e., Mr. James.

53. On or about May 13, 2013, Plaintiff spoke with Mr. James over the telephone and inquired why she had not been selected for the position.

54. Mr. James responded that six supervisors had decided that Plaintiff was not qualified for the position but did not provide any further details as to why Plaintiff was not qualified.

55. On or about the next day, May 14, 2013, Plaintiff emailed Mr. James to ask him to clarify why Plaintiff had been found not qualified and asked for the criteria used to make this determination.

56. Mr. James did not respond to Plaintiff's email until on or about June 18, 2013, and then wrote that Plaintiff had been found unqualified because she was late for her interview and had complained about not receiving a promotion during the interview, because her interviewers found her answers in response to their questions to be poor, and because she had mumbled during her interview.

57. Plaintiff was not in fact late for the interview.

58. Plaintiff did not mumble during her interview but does speak with an accent based on her birth in Ethiopia.

59. Plaintiff had never been notified prior to this date that her interviewers found her answers to be poor.

60. As a result of the Defendant's actions, Plaintiff has suffered financial losses due to the loss of the additional salary she would have received for a promotion.

61. Defendants discriminated against Plaintiff on the basis of her gender, national origin, and/or age, with respect to promotional opportunities at the workplace.

62. As a result of the Defendant's actions, Plaintiff has felt stress, humiliation, and demoralization.

### AS A FIRST CAUSE OF ACTION AGAINST DEFENDANTS FOR DISCRIMINATION UNDER THE ADEA

63. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in this complaint.

64. The ADEA, 29 U.S.C. § 623(a)(1), makes it an unlawful employment practice for an employer to:

> [F]ail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of that person's age…

65. The ADEA, 29 U.S.C. § 623(a)(2), makes it an unlawful employment practice for an employer to:

> to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age

66. The ADEA, 29 U.S.C. § 633a(a), further states:

> All personnel actions affecting employees or applicants for employment who are at least 40 years of age… in executive agencies as defined in section 105 of Title 5… shall be made free from any discrimination based on age.

67. Defendant discriminated against Plaintiff on the basis of her age in violation of the above section as set forth herein, by denying her the same terms and conditions of employment available to employees who are much younger than her, including but not limited to, denying her the same opportunities for promotion and advancement, and the opportunity to work in an employment setting free of unlawful discrimination.

68. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of the ADEA.

69. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of the ADEA.

**AS A SECOND CAUSE OF ACTION AGAINST DEFENDANTD FOR DISCRIMINATION UNDER TITLE VII**

70. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in this complaint.

71. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)., states that it is unlawful for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

72. Title VII, 42 U.S.C. § 2000e-16(a), further states:

> All personnel actions affecting employees or applicants for employment… in executive agencies as defined in section 105 of Title 5… shall be made free from any discrimination based on race, color, religion, sex, or national origin.

73. Defendants violated the above section as set forth herein on the basis of Plaintiff's sex by denying her the same terms and conditions of employment available to male employees, including but not limited to, denying her the same opportunities for promotion and advancement, and the opportunity to work in an employment setting free of unlawful discrimination.

74. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of Title VII, including discrimination based on gender.

## AS A THIRD CAUSE OF ACTION AGAINST DEFENDANTD FOR DISCRIMINATION UNDER TITLE VII

75. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in this complaint.

76. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)., states that it is unlawful for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

77. Title VII, 42 U.S.C. § 2000e-16(a), further states:

> All personnel actions affecting employees or applicants for employment… in executive agencies as defined in section 105 of Title 5… shall be made free from any discrimination based on race, color, religion, sex, or national origin.

78. Defendants violated the above section as set forth herein on the basis of Plaintiff's Ethiopian national origin by denying her the same terms and conditions of employment available to non-Ethiopian employees, including but not limited to,

11

denying her the same opportunities for promotion and advancement, and the opportunity to work in an employment setting free of unlawful discrimination.

79. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of Title VII, including discrimination based on national origin.

### AS A FOURTH CAUSE OF ACTION AGAINST DEFENDANTD FOR DISCRIMINATION UNDER TITLE VII

80. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in this complaint.

81. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)., states that it is unlawful for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

82. Title VII, 42 U.S.C. § 2000e-16(a), further states:

> All personnel actions affecting employees or applicants for employment… in executive agencies as defined in section 105 of Title 5… shall be made free from any discrimination based on race, color, religion, sex, or national origin.

83. Defendants violated the above section as set forth herein on the basis of Plaintiff's Ethiopian national origin and gender by denying her the same terms and conditions of employment available to non-Ethiopian male employees, including but not limited to, denying her the same opportunities for promotion and advancement, and the opportunity to work in an employment setting free of unlawful discrimination.

84. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of Title VII, including discrimination based on national origin.

85. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of Title VII, including discrimination based on gender and national origin.

### AS A FIFTH CAUSE OF ACTION
### UNDER TITLE VII AND ADEA

86. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs in this complaint.

87. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2(a)., states that it is unlawful for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

88. The ADEA, 29 U.S.C. § 623(a)(1), makes it an unlawful employment practice for an employer to:

> [F]ail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of that person's age…

89. The ADEA, 29 U.S.C. § 623(a)(2), makes it an unlawful employment practice for an employer to:

> to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age…

90. Defendants violated the above section as set forth herein on the basis of Plaintiff's Ethiopian national origin, gender, and age by denying her the same terms and conditions of employment available to younger non-Ethiopian male employees,

including but not limited to, denying her the same opportunities for promotion and advancement, and the opportunity to work in an employment setting free of unlawful discrimination.

91. Plaintiff hereby makes a claim against Defendants under all the applicable paragraphs of Title VII and ADEA, including discrimination based on national origin, gender, and age.

## INJURY AND DAMAGES

92. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer severe and extreme mental and emotional distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, injury to person, injury to reputation, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A.   Declaring that Defendants engaged in unlawful discriminatory employment practices prohibited by the ADEA and Title VII.

B.   Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering, and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

C.   Granting Plaintiff a permanent injunction enjoining Defendants, their agents, successors and employees, and those acting on behalf of Defendants, from continuing to violate Plaintiff's protected rights;

D.   Awarding Plaintiff attorneys fees, costs, and expenses incurred in the prosecution of the action;

E.     Awarding Plaintiff punitive damages; and

F.     Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a jury of all issues to be tried.

Date:   January 16, 2018
          New York, New York

                                      The Law Offices of
                                      Fausto E. Zapata, Jr., P.C.

                            By: _____
                                      Fausto E. Zapata, Jr. (FZ4957)
                                      *Attorneys for Plaintiff*
                                      277 Broadway, Suite 206
                                      New York, NY 10007