UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

**MELET WOLDEMARIAM,**

Plaintiff,

– against –

**ROBERT F. KENNEDY, JR., SECRETARY, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,**

Defendant.

---------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

18-CV-297 (AMD) (VMS)

**ANN M. DONNELLY**, United States District Judge:

In January 2018, the plaintiff, who was then represented by counsel, filed this action against her former employer, the Secretary of the United States Department of Health and Human Services ("HHS"), alleging discrimination based on sex, national origin, and age. (ECF No. 1.) In September 2023, after five and a half years of discovery, the plaintiff amended her complaint to add allegations of retaliatory termination. (ECF No. 97; *see also ECF Orders dated Apr. 26, 2022*, and *June 1, 2022*.) Magistrate Judge Vera Scanlon relieved the plaintiff's lawyer on August 29, 2025; since then, the plaintiff has represented herself and has for the most part stopped participating in this case. She has repeatedly ignored court deadlines; her communications with the Court have been, almost without exception, frivolous requests for extensions, often on the due date, or even after the deadline has passed. Mindful of the plaintiff's *pro se* status, the Court granted some requests but warned her multiple times that the Court would consider dismissing the case if she persisted in ignoring deadlines. In a status report, the defendant asks the Court to dismiss the case. (ECF No. 184 at 1–2.) The plaintiff

seeks an additional extension. (ECF No. 186.) As explained below, the Court denies the plaintiff's request for an extension and dismisses this case.

**BACKGROUND**

The history of the plaintiff's conduct is detailed in the Court's summary judgment order, *Woldemariam v. Kennedy*, No. 18-CV-297, 2026 WL 2935604, at *7–10 (E.D.N.Y. Sept. 30, 2026). The Court briefly summarizes it here. In December 2024, Magistrate Judge Vera M. Scanlon referred the case to mediation, at the parties' request. (*ECF Orders dated Dec. 12, 2024*, and *Dec. 18., 2024*.) After Judge Scanlon granted at least three extensions, she ordered the parties to complete mediation by the end of May 2025. (*ECF Orders dated Jan. 2, 2025*; *Jan. 22, 2025*; and *Mar. 25, 2025*.) In July 2025, the plaintiff's counsel advised Judge Scanlon that "the parties had failed to mediate." (ECF No. 147 at 3.) He moved to withdraw, citing the plaintiff's "[c]ommunication [i]ssues" and "[f]ailure to [c]ooperate." (*Id.* at 2–3.) Judge Scanlon granted the motion, and the plaintiff has been *pro se* since then. (*ECF Order dated Aug. 29, 2025*.)

The Court set deadlines for the parties' Rule 56.1 statements, the plaintiff's statement of damages, and the summary judgment briefing; the Court warned that if the plaintiff did not comply with deadlines, it might impose sanctions, including dismissal. (*ECF Order dated June 16, 2025*.) The defendant served its Rule 56.1 statement on the plaintiff on August 20, 2025. (ECF No. 165 at 2.) The plaintiff requested at least three more extensions over the next month and a half, which the Court largely denied. (*See, e.g.*, *ECF Orders dated Sept. 18, 2025*; *Oct. 21, 2025*; and *Oct. 30, 2025*.) The Court did not dismiss her case, but warned her that it might impose sanctions, "including considering the defendant's Rule 56.1 statement of material facts to

be undisputed, or the dismissal of the plaintiff's case." (*See, e.g.*, *ECF Order dated Oct. 30, 2025*; *see also ECF Order dated Oct. 21, 2025*.)

The plaintiff did not respond to the defendant's Rule 56.1 statement or file a counterstatement. (ECF No. 165 at 2–3.) The defendant asked the Court to sanction the plaintiff. (*Id.* at 3–4.) The Court deemed the defendant's Rule 56.1 statement admitted for the purposes of summary judgment and reminded the plaintiff once again that if she did not comply with Court orders, it may dismiss her case. (*ECF Order dated Nov. 20, 2025*.)

Nor did the plaintiff respond to the defendant's motion for summary judgment, filed in December 2025. (ECF Nos. 167, 168.) On January 23, 2026 — the day her response to the summary judgment motion was due — she requested a 60-day adjournment for her response and 56.1 statement, claiming that she had "contacted a new attorney, who will take the case if the Court grants me a 60-day extension." (ECF No. 176.) The Court directed the plaintiff to provide the Court with the attorney's contact information by January 30, 2026. (*ECF Order dated Jan. 23, 2026*.) She did not comply with that order, and on January 30, asked for an extension until February 3 to provide the attorney's information. (ECF No. 177.) But on February 3, she asked for more than three weeks to "provide the Court with my decision on whether to retain counsel or to proceed *pro se*." (ECF No.178.) She did not acknowledge her overdue response to the defendant's summary judgment motion. The Court denied her requests and deemed the motion for summary judgment fully briefed, without the plaintiff's participation. (*ECF Order dated Feb. 4, 2026*.)

On September 30, 2026, the Court granted the defendant's motion for summary judgment. *See generally Woldemariam v. Kennedy*, No. 18-CV-297, 2026 WL 2935604 (E.D.N.Y. Sept. 30, 2026). The Court directed the parties to "file a joint pretrial order regarding

the remaining claim that complies with the Court's Individual Rules within 30 days." *Id.* at *19. Once again, the Court reminded the plaintiff that her case could be dismissed if she failed to comply with court orders. *Id.*

On October 29, the plaintiff requested a seven-day extension of the deadline to file a joint pretrial order. (ECF No. 180.) The Court granted this extension but warned the plaintiff that it was "unlikely to grant additional extensions" and would "consider dismissing this case" if the plaintiff did not "comply with Court orders, including scheduling orders." (*ECF Order dated Oct. 30, 2026*.) On November 5, the plaintiff requested another extension of the deadline to file a joint pretrial order, this time for 21 days. (ECF No. 182.) In opposing the request, the defendant's counsel reported that she tried multiple times to reach the plaintiff by telephone, email, and mail so that they could confer about the pretrial order, but for the most part, the plaintiff did not respond. (ECF No. 183 at 1–2.) The defendant asked the Court to "impose sanctions on Plaintiff . . . including dismissal of this action." (*Id.* at 3.)

The Court granted the plaintiff's extension request in part, giving her one week — until November 13 — to participate in a joint pre-trial order. (*ECF Order dated Nov. 6, 2026*.) The Court warned her that if she did "not meet that deadline, the Court will dismiss this case." (*Id.*)

The defendant submitted its part of the pre-trial order on the due date (ECF No. 185). It also submitted a status report in which it advised the Court that it mailed and emailed the plaintiff the Court's latest order, and asked the plaintiff to share her sections of the pre-trial order so the defendant could file them along with its portions, but she did not respond (ECF No. 184 at 1). That same day, the plaintiff requested another 14-day extension, because she "need[ed] more time to procure the necessary documents described in your pretrial order rules." (ECF No. 186.)[1]

[1] On October 1, 2026, Judge Scanlon ordered the parties to notify the Court within 30 days whether they wished to participate in mediation or a settlement conference. (*ECF Order dated October 1, 2026*.) The

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). This rule also "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 Fed. Appx. 31, 32 (2d Cir. 2015) (summary order) (quoting *Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). In deciding whether to dismiss a case pursuant to Rule 41(b), the Court considers whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (citation modified). As explained below, all factors favor dismissal.

The first factor — whether the plaintiff caused a significant delay — clearly weighs in favor of dismissal. As the record demonstrates, for more than a year, the plaintiff has declined to participate in this litigation; her communications with the Court are almost exclusively frivolous requests for extensions. (*See, e.g.*, ECF Nos. 161, 163, 164, 166, 178, 180, 182, 186; *ECF Orders dated Sept. 18, 2025*; *Oct. 21, 2025*; *Oct. 30, 2025*; *Nov. 25, 2025*; *Feb. 4, 2026*; *Oct. 30, 2026*; and *Nov. 6, 2026*.) This is "a delay of significant duration." *Lewis*, 564 F.3d at 576; *see also Yadav v. Brookhaven Nat. Lab'y*, 487 F. App'x 671, 672–73 (2d Cir. 2012) (summary

---

defendant complied with this order. (ECF No. 181.) On November 3, 2026, Judge Scanlon extended the plaintiff's deadline to notify the Court about whether she wished to participate in mediation to November 16, 2026. (*ECF Order dated Nov. 3, 2026.*) In a November 17, 2026, letter, the plaintiff stated that she that she "consented to the mediation" on March 17, 2025. (ECF No. 187.)

order) (failure to respond to discovery requests for three months was significant delay weighing in favor of dismissal); *Cipriano v. Garden*, No. 14-CV-4241, 2017 WL 44754, at *2 (E.D.N.Y. Jan. 3, 2017) (failing to "take[] any action to move th[e] case forward" for five months and "repeated flouting of court orders . . . [that] caused th[e] case to remain pending for over two years" weighed in favor of dismissal).

The second factor — whether the plaintiff was given notice — also weighs decisively in favor of dismissal. *See Lewis*, 564 F.3d at 576. The Court gave the plaintiff multiple warnings that it might dismiss the case if she did not follow court directives. (*See, e.g.*, *June 10, 2025*; *June 16, 2025*; *Oct. 21, 2025*; *Oct. 30, 2025*; *Nov. 20, 2025*; and *Oct. 30, 2026*.) Most recently, the Court warned the plaintiff that if she did not "meet [the pre-trial order] deadline, the Court will dismiss this case." (*ECF Order dated Nov. 6, 2026*.) The plaintiff responded by asking for another extension. (ECF 186.)

The third factor — whether the defendant will be prejudiced by further delay — also weighs in favor of dismissal. *See Lewis*, 564 F.3d at 576. "Prejudice may be presumed" in cases like this, where a plaintiff repeatedly failed to follow Court directives despite warnings that doing so would result in dismissal. *Rob v. Von Horn*, 808 F. Supp. 3d 505, 531 (E.D.N.Y. 2025) (citation modified). But wasted time and resources also constitute prejudice, *see Szabo v. City of New York*, No. 16-CV-3683, 2022 WL 11213513, at *5 (E.D.N.Y. Oct. 19, 2022), and continuing to litigate this case would force the defendant to waste more time and resources. Throughout this litigation, the defendant has tried to work with the plaintiff. For example, counsel tried to engage her in mediation, called and emailed her to get her to participate in the joint pre-trial order, and forwarded the Court's orders and its Individual Rules and Practices to

her, all in an effort to secure her cooperation; the plaintiff ignored all of it. (ECF Nos. 141, 183, 184.) There is no reason to expect that the plaintiff will become cooperative now.

Fourth, "the court's need to avoid docket congestion outweighs any need by the plaintiff to allow this case to remain open." *Cipriano*, 2017 WL 44754, at *3. The Court has a full calendar of civil and criminal matters. The plaintiff has done nothing but delay this case — one of the oldest on the Court's docket — and has wasted court time and diverted resources. This factor weighs in favor of dismissal. *See Lewis*, 564 F.3d at 576.

Finally, as to the fifth factor, "no sanction other than dismissal would be effective." *Cipriano*, 2017 WL 44754, at *3. The plaintiff has repeatedly submitted baseless extension requests, despite the Court's denial of similar motions, and its warnings that it would not entertain further requests. *Id.* (fifth factor supports dismissal when "plaintiff has given no indication that [s]he intends to move forward with prosecuting this case"); *Yadav*, 487 F. App'x 673 ("based on [the plaintiff's] continued disregard for the district court's orders, the district court properly found that no less drastic sanctions, short of dismissal, would be effective."). The Court tried imposing a lesser sanction for the plaintiff's recalcitrance; it deemed the defendant's summary judgment motion unopposed and the defendant's Rule 56.1 statement admitted. (*ECF Order dated Nov. 20, 2025*.) Nevertheless, the plaintiff continued her pattern of ignoring deadlines and requesting extensions. (ECF No. 185.) This factor, too, supports dismissal. *See Lewis*, 564 F.3d at 576.

In short, the plaintiff has clearly abandoned this litigation. Accordingly, the case is dismissed.

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Christmas House Franchising, Inc. v. Fraga*, No. 25-CV-3958, 2026 WL 2495609, at *2 (E.D.N.Y. Aug. 25, 2026) (collecting cases showing that the Second Circuit has upheld dismissals with prejudice for defaults of over six months); *Cabrera v. RLB USA Safety & Hardware Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *3–4 (E.D.N.Y. June 14, 2024) (dismissing action with prejudice pursuant to Rule 41(b) after ten months of failing to comply with court deadlines despite a warning that doing so may result in dismissal, and failing to obtain new counsel). The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
November 23, 2026